IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No: 24-81224-CIV-MARRA

FANE LOZMAN,

    Plaintiff,

v.

CITY OF RIVIERA BEACH, FLORIDA,

    Defendant.



FILED BY _____ D.C.

JUL 1 1 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## PLAINTIFF FANE LOZMAN'S MOTION TO REOPEN THE CASE

Plaintiff Fane Lozman moves this Court to reopen my case that was stayed per Court Order (Dkt. 9). My remarkable petition for writ of certiorari, which was filed by the Carter Phillips/Sidley Austin Supreme Court Clinic at the Northwestern Pritzker School of Law, along with attorneys from the Sidley Austin Supreme Court practice group and Greenberg Traurig, was denied on June 2, 2025. Even though I had four outstanding amicus briefs in support filed by: i. The National Association of Home Builders of the United States: ii. the Antonin Scalia Law School Supreme Court Clinic on behalf of the Buckeye Institute; iii. the Cato Institute; and iv. The Small Property Owners of San Francisco, et al., certiorari was not in the cards for my SCOTUS three-peat.[1]

---

[1] Kimberly Robinson, *Third time isn't a charm for activist in fight with Florida town*, Bloomberg Law, June 2, 2025, a copy of which is attached.

1

The merits docket appears to have been affected by the historic volume of President Trump's shadow docket filings. Thus, it is not surprising that all six property rights cert. petitions, including mine and three filed by the Pacific Legal Foundation, were denied in May and June. So now I am left with relitigating my case from scratch. The Eleventh Circuit order required me to obtain a denial of a variance application to develop my property. The Special Preservation zoning district does not allow any type of residential development, nor does it allow for any special exceptions. Proceeding through the variance process is a futile exercise — the City's zoning staff has no option but to deny my variance application, which I submitted to them last week.

Therefore, the Court should reopen my case so that I may proceed to a trial on the merits of my complaint.

Dated: July 10, 2025

                    Respectfully submitted,

                    Fane Lozman

Fane Lozman
c/o TRG
149 Fern Street
Jupiter, FL  33458
fane@fanelozman.com
www.fanelozman.com
(786) 251-5868

## **CERTIFICATE OF SERVICE**

I, Fane Lozman, certify that on this 10th day of July 2025, the following counsel of record will be served via the Court's CM/ECF system.

Amy Petrick,  apetrick@llw-law.com

Andrew Baumann, abaumann@llw-law.com

# Third Time Isn't a Charm for Activist in Fight With Florida Town

**Published: Mon Jun 02 09:37:07 EDT 2025**

- Justices have twice ruled for Lozman in clash
- Latest battle centers on land-use regulations

By Kimberly Strawbridge Robinson

(Bloomberg Law) --

The US Supreme Court declined to review for a third time a Florida man's long-running fight with his coastal town.

The justices on Monday denied inventor financial trader Fane Lozman's latest high court appeal in his nearly two-decade-long battle with the city of Riviera Beach in Palm Beach County.

In that time, Lozman has twice convinced the justices to take up his appeals—and won both times.

"When somebody puts you in the corner, you can either run away, or you can fight back," Lozman said. "I'm not going to back down from a fight, but I never expected this ordeal to be a 19-year battle."

## 'Crazy' Facts

Lozman's latest dispute involved land restrictions that prevent him from developing his property into a floating home community. His previous high court cases involved admiralty law and a free speech claim related to his arrest at a November 2006 city council meeting.

"Although the legal issues are distinct, all of the cases grow in one way or another out of the city of Riviera Beach's ongoing feud with and persecution of Mr. Lozman," said Lozman's attorney, Sidley's Tobias Loss-Eaton.

It all began in 2006 when Lozman, a former US Marine Corps pilot, moved to Riviera Beach in his floating home, which the Supreme Court noted was the the start of "his contentious relationship with the City's elected officials," in its 2018 ruling in his favor.

Lozman said the relationship deteriorated early on, after he defeated the city's attempt for private development along the waterfront. Several unsuccessful attempts to evict Lozman from the city's marina followed.

His first Supreme Court victory came after the city sued for unpaid docking fees. Riviera Beach won

**Bloomberg Law**

© 2025 Bloomberg Industry Group, Inc. All Rights Reserved. Terms of Service

// PAGE 1

in the lower federal courts, and the city eventually bought and destroyed the home.

The question at the Supreme Court was a technical one about whether the floating home counted as a "vessel" such that federal courts had so-called admiralty jurisdiction to consider the case.

In a ruling that Chief Justice John Roberts later called his "favorite" that term, the court sided with Lozman 7-2.

Lozman's second victory involved his 2006 arrest at a city council meeting in which he was attempting to speak about corruption within city government. During arguments in the case, Roberts characterized the video of the arrest as "pretty chilling."

The court again sided with Lozman, this time voting 8-1 to revive his First Amendment retaliatory arrest claim.

Given that the court only takes about 1% of the cases they are asked to, Lozman thinks the justices have been attracted to his appeals in part because of the story.

"I think the facts are just so crazy," Lozman said.

"Imagine a fight in a cowfield," he said. "You step on a cowpie most of the time, but every so often you step on a cert grant."

## Court's Attention

Lozman has been embroiled in many disputes, including with the federal government. In 2024, a judge ruled that Lozman violated the Rivers and Harbors Act and ordered him to remove floating structures from Lake Worth Lagoon. Lozman has appealed.

In the dispute turned away by the justices Monday, Lozman sued the city over land-use restrictions that he says prevents him from developing his property. The restrictions count as regulatory taking, his lawsuit said.

But the US Court of Appeals for the Eleventh Circuit dismissed the complaint, finding that Lozman filed it too early. Because Lozman had never formally applied for a permit to develop his land, "we cannot know the extent of the economic damage, if any, caused by Riviera Beach's" restrictions, the Eleventh Circuit said.

"That's not a common sense result," Loss-Eaton said. Even without Lozman applying for a permit, "the law is very clear that he can't develop it." So there's no need to apply for a permit for the case to be "ripe" for judicial review, Loss-Eaton said.



© 2025 Bloomberg Industry Group, Inc. All Rights Reserved. Terms of Service

Third Time Isn't a Charm for Activist in Fight With Florida Town

He also says other courts have come out the other way. That circuit split, along with the implications for other property owners of what he called "these kinds of ripeness games that local governments play," made Loss-Eaton hopeful that the justices would again take up Lozman's appeal.

The case involves the intersection of a clean circuit split, broad consequences, and a "remarkable story with its compelling facts about his ongoing battle with the city," Loss-Eaton said. "And we're hoping that we can get the court's attention."

The case is *Lozman v. City of Riviera Beach, Florida*, U.S., No. 24-908.

To contact the reporter on this story: Kimberly Strawbridge Robinson in Washington at krobinson@bloomberglaw.com

To contact the editors responsible for this story: Seth Stern at sstern@bloomberglaw.com; John Crawley at jcrawley@bloomberglaw.com

Bloomberg Law®

© 2025 Bloomberg Industry Group, Inc. All Rights Reserved. Terms of Service

// PAGE 3

