UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

FANE LOZMAN,   )
                       )
    Plaintiff,   )   Case No. 9:24-cv-81224-KAM
                       )
v.                     )
                       )
CITY OF RIVIERA BEACH, )
FLORIDA,               )
                       )
    Defendant.   )
_____)

**DEFENDANT, CITY OF RIVIERA BEACH'S, MOTION TO DISMISS PLAINTIFF, FANE LOZMAN'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Defendant, City of Riviera Beach ("the City"), files this Motion to Dismiss and Incorporated Memorandum of Law seeking dismissal of Plaintiff, Fane Lozman's ("Lozman") Complaint, in accordance with Federal Rule of Civil Procedure 12(b).

**Background and Procedural History**

1. Defendant City of Riviera Beach is a Florida municipality located in Palm Beach County. [DE 1, ¶5].

2. Lozman filed this case on October 2, 2024, alleging that the City took his property without just compensation through the adoption of Ordinance No. 4147 on October 7, 2020. [DE 1, ¶19].

3. Lozman's Complaint asserts a single cause of action for "taking without just compensation." [DE 1, ¶21-25].

4. Two other related cases to the same controversy were also filed in October, 2024: *Government Lot 1, LLC v. City of Riviera Beach*, Case No. 9:24-cv-81231-RLR and *Halo Development, LLC v. City of Riviera Beach*, Case No. 9:24-cv-81232-DSL.

*Lozman v. City of Riviera Beach*
Defendant, City of Riviera Beach's, Motion to Dismiss Plaintiff, Fane Lozman's
Complaint and Incorporated Memorandum of Law
Case No: 9:24-cv-81224-KAM

5. The City filed their Notice of Related or Similar Action Pursuant to Southern District of Florida Local Rule 3.8 [DE 8] on January 9, 2025, with this Court.

6. Lozman's claim in this matter virtually identical to a separate lawsuit previously filed in this same Court in 2022. *See Fane Lozman v. City of Riviera Beach*, Case No. 9:22-cv-80118-DMM ("*Lozman I*").

7. In *Lozman I*, the United States District Court for the Southern District of Florida entered an Order granting summary judgment in the City's, and against Lozman on April 3, 2023 [*Lozman I*, DE 197]. A Final Judgment was entered in favor of the City the next day [*Lozman I*, DE 198], and on April 6, 2023, Lozman filed an appeal in the Eleventh Circuit Court of Appeals [*Lozman I*, DE 199].

8. On October 16, 2024, the Eleventh Circuit issued its Opinion (amended by the Court on the same day). The Eleventh Circuit found that Lozman's takings claim against the City was not ripe because Lozman had not applied for a permit from the City and therefore, the District Court lacked subject matter jurisdiction. *Fane Lozman v. City of Riviera Beach*, 119 F.4th 913 (11th Cir. 2024).

9. Following the Eleventh Circuit's Amended Opinion, Lozman petitioned for a writ of certiorari to the United States Supreme Court. His petition was docketed with the Supreme Court on February 24, 2025.

10. The Supreme Court denied Lozman's petition on June 2, 2025. *See [Lozman I*, DE 217].

11. The present proceeding had been stayed, pursuant to this Court's January 10, 2025, Order granting the Parties' Joint Motion to Stay Proceeding [DE 9].

*Lozman v. City of Riviera Beach*
Defendant, City of Riviera Beach's, Motion to Dismiss Plaintiff, Fane Lozman's
Complaint and Incorporated Memorandum of Law
Case No: 9:24-cv-81224-KAM

12. This Court's Order [DE 9] states that, "[e]ither party may seek to reopen the case once the United States Supreme Court has either denied the petition for writ of certiorari or issued its opinion in the related case, *Fane Lozman v. City of Rivera Beach*, 119 F.4th 13 (11th Cir. 2024)."

13. Lozman's Motion to Reopen the Case was filed in this Court on July 11, 2025, seeking to reopen this matter [DE 10].

14. The City filed their Response to Lozman's Motion to Reopen the Case on July 25, 2025 [DE 12].

15. The Court granted Lozman's Motion to Reopen the Case and reopened this matter on July 28, 2025 [DE 13].

16. With this matter reopened, the City hereby responds to Lozman's Complaint pursuant to Federal Rule of Civil Procedure 12.

## MEMORANDUM OF LAW

### Standard of Review

Rule 8 of the Federal Rules of Civil Procedures requires the plaintiff to file a short and plain statement of the claim showing plaintiff is entitled to relief. Fed. R. Civ. P. 8. However, while Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions ... a formulaic recitation of the cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, to survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Id.*

For a claim to be factually plausible, it must plead sufficient factual "content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Lozman v. City of Riviera Beach*
Defendant, City of Riviera Beach's, Motion to Dismiss Plaintiff, Fane Lozman's
Complaint and Incorporated Memorandum of Law
Case No: 9:24-cv-81224-KAM

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In deciding whether a claim is factually plausible, "the court must accept as true all factual allegations contained in the complaint, and the plaintiff should receive the benefit of all favorable inferences that can be drawn from the facts alleged." *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

In considering a motion to dismiss, the Court is limited to the four corners of the Complaint and its attachments. *SFM Holdings v. Banc of Am Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010). However, the Court may consider an extrinsic document if it is essential to the plaintiff's claim and if the document's authenticity is not in dispute. *Int'l Bhd of Teamsters v. Amerijet Int'l Inc.*, 932 F.Supp.2d 1336, 1344 (S.D. Fla. 2013). A document is essential to the plaintiff's claim if the document lies at the heart of the plaintiff's claim, or where there is no doubt that the plaintiff would have to offer the document to prove the plaintiff's case. *Fin. Sec. Assurance Inc. v. Stephens Inc.*, 500 F.3d 1276, 1285 (11th Cir. 2007).

Moreover, a factual attack upon the Court's subject matter jurisdiction "challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered." *Butts v. ALN Group*, LLC, 512 F. Supp. 3d 1301, 1306 (S.D. Fla. 2021) *quoting Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). Here, the lack of subject matter jurisdiction is not implicate the elements of Lozman's underlying cause of action for a "taking" of property. In such a factual attack on subject matter jurisdiction "that does not implicate the elements of the underlying cause of action, 'no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims.'" *Id.; see OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002).

*Lozman v. City of Riviera Beach*
Defendant, City of Riviera Beach's, Motion to Dismiss Plaintiff, Fane Lozman's
Complaint and Incorporated Memorandum of Law
Case No: 9:24-cv-81224-KAM

Accordingly, the Court is not bound to the four corners of Lozman's complaint in evaluating its own subject matter jurisdiction.

### **Argument**

Lozman's Complaint should be dismissed by the Court pursuant to Fed. R. Civ. 12(b)(1), because Lozman's claim is unripe and deprives the Court of subject matter jurisdiction.

In *Lozman I*, Lozman brought his lawsuit "alleging that the comprehensive plan and ordinance deprived him of all economically beneficial or productive use of his parcel." *Id*. at 916. In the instant case, Lozman's Complaint makes the same allegations, claiming that "[t]he City has stripped [his] Parcels of all economically viable uses by its actions." [DE 1 ¶20]. As the Parties jointly represented to this Court in their January 9, 2025 Motion to Stay Proceedings [DE 7], "[i]n the event that the Supreme Court declines to review the Eleventh Circuit Court's decision, the parties agree that the Eleventh Circuit's *Lozman* decision (or potentially the Supreme Court's decision in the *Lozman* case) would control the outcome of this lawsuit with respect to the ripeness of LOZMAN's takings claim against the CITY and the District Court's subject matter jurisdiction." (pg. 4, underlining added). Thus, the parties already jointly represented to this Court that Lozman's current Complaint [DE 1], is controlled by the Eleventh Circuit's decision in *Lozman v. City of Riviera Beach, Florida*, 119 F.4th 913, 914 (11th Cir. 2024), *cert. denied sub nom. Lozman v. Riviera Beach, FL*, No. 24-908, 2025 WL 1549782 (U.S. June 2, 2025) now that the Supreme Court has declined to grant *certiorari*.

In *Lozman I*, the Eleventh Circuit stated, "a takings claim challenging the application of a land-use regulation is not ripe for judicial review until the government entity charged with implementing the regulation has reached a final decision regarding the application of the regulation

5

Case 9:24-cv-81224-KAM   Document 15   Entered on FLSD Docket 08/11/2025   Page 6 of 8

*Lozman v. City of Riviera Beach*
Defendant, City of Riviera Beach's, Motion to Dismiss Plaintiff, Fane Lozman's
Complaint and Incorporated Memorandum of Law
Case No: 9:24-cv-81224-KAM

to the property at issue." *Id.* at 917 (citation modified). The Eleventh Circuit continued, stating that "a claim under *Lucas* requires a final decision on the "extent of permitted development" on the land in question." *Id.* In the instant case, the Complaint does not allege that Lozman completed any development action, and that the City has given Lozman a "final decision" that would satisfy the ripeness requirement the *Lucas* claim he has asserted.

In *Lozman I*, the Eleventh Circuit rejected Lozman's argument that the City's comprehensive plan and ordinance constituted a "final decision" for ripeness purposes. *Id.* The Eleventh Circuit held that, "a comprehensive plan is not a "final decision" sufficient to satisfy the ripeness requirement… The comprehensive plan alone cannot constitute a final decision on Lozman's property" (*id.*) and that "the permitted uses and exception in Ordinance 4147 amply support the necessity of a final decision from Riviera Beach before a court determines whether Lozman was denied all economically beneficial or productive use of his land." *Id.* at 919 (citation modified). The Eleventh Circuit concluded that, "[b]ecause Lozman has never received a final, written denial of his application for the development of his land from Riviera Beach, his claim is not ripe for judicial review." *Id.* at 920. As a result, District Court's judgment was vacated in *Lozman I*, and was remanded back to the District Court with instructions to dismiss Lozman's complaint for lack of subject matter jurisdiction. Absent allegations that Lozman applied for and received a "final written denial," Lozman's current complaint remains indistinguishable from *Lozman I*, and the outcome has already been dictated by the Eleventh Circuit. Accordingly, the Complaint must be dismissed.

*Lozman v. City of Riviera Beach*
Defendant, City of Riviera Beach's, Motion to Dismiss Plaintiff, Fane Lozman's
Complaint and Incorporated Memorandum of Law
Case No: 9:24-cv-81224-KAM

## **CONCLUSION**

Based upon the foregoing, Defendant, City of Riviera Beach respectfully requests that this Court dismiss Plaintiff, Fane Lozman's Complaint, and further requests any other such relief the Court may deem just and proper.

Dated this 11th day of August, 2025.

Respectfully submitted,

LEWIS, LONGMAN & WALKER, P.A.

By: */s/ Aaron R. Modiano*
AMY TAYLOR PETRICK
Florida Bar No. 315590
Primary Email: apetrick@llw-law.com
Secondary: bpennington@llw-law.com
AARON R. MODIANO
Florida Bar No. 90563
Primary Email: amodiano@llw-law.com
Secondary: bpennington@llw-law.com
Secondary:  mlozada@llw-law.com
360 South Rosemary Avenue, Suite 1100
West Palm Beach, Florida 33401
Telephone: 561.640.0820
Facsimile: 561.640.8202

4926-8109-2701, v. 1

*Lozman v. City of Riviera Beach*
Defendant, City of Riviera Beach's, Motion to Dismiss Plaintiff, Fane Lozman's
Complaint and Incorporated Memorandum of Law
Case No: 9:24-cv-81224-KAM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system and served via email and U.S. mail upon the *pro se* Plaintiff, on this 11th day of August, 2025 to:

Fane Lozman
c/o TRG
149 Fern Street
Jupiter, FL 33458
Email: fane@fanelozman.com
Email: sp500trd@yahoo.com
Telephone: 786-251-5868

By: */s/ Aaron R. Modiano*
AARON R. MODIANO
Florida Bar No. 90563

4926-8109-2701, v. 1